## BRISENO v STATE

Ohio Appeals, 6th Dist, Lucas Co
No 2395. Decided June 23, 1930

Marion W. Bacome, Toledo, and C. E. Fackler, for Briseno.

Leroy W. Hunt, Prosecuting Attorney, and Cecil Stickney, Assistant Prosecuting Attorney, both of Toledo, for State.

LLOYD, J.

At the conclusion of all of the evidence, counsel for Briseno presented to the court 16 written instructions as to the law, requesting that they be given to the jury in advance of argument. This request as to eleven of them was refused, to which ruling of the court exceptions were taken. After argument of counsel for the respective parties to the jury, the court charged the jury generally as to the law applicable to the issues involved and included therein such of the principles of law contained in the requested instructions as were proper to be given. In a criminal case it is not mandatory upon the trial judge to give to the jury requested written instructions in advance of argument nor to incorporate them literally in his general charge to the jury. All that is required in any event is that he shall give to the jury, in such language as he chooses, the principles of law correctly stated in the requested instructions.

Prior to ten o'clock of the morning of February 6th, during the trial, a subpoena was issued by Briseno for Juan Figueroa. Pursuant to this subpoena, search was made by a deputy sheriff during that day and night for this desired witness, but he could not be found. Another witness, not connected with the sheriff's office and who knew Figueroa, also searched for him but "did not find him anywhere". An official court reporter, who had transcribed the testimony of Figueroa taken at the first trial, testified without contradiction as to the correctness of the transcript from which it was proposed to read to the jury the testimony of the absent witness, and no exceptions were taken to the reading thereof on the ground that it was in any respect incomplete or incorrect. The court refused to permit this testimony to be read to the jury and exceptions were taken by Briseno to this ruling. From a reading of this transcript, which is attached to the bill of exceptions, we find Figueroa to have been an eye-witness of the alleged crime and a material witness to the defense of self-defense which Briseno was seeking to prove. On December 21st, 1929, Figueroa was arrested at the instance of the State and was detained at the County Jail until January 11th, 1930, when he was released on his own recognizance, to appear as a witness for the State at the trial of the instant case. One of the attorneys for plaintiff in error represented him in procuring his release, as well as in proceedings for a writ of habeas corpus theretofore brought and denied, but the evidence does not disclose any collusion or attempt on the part of Briseno, or any one in his behalf, to prevent or persuade him from being present at the trial, and in our judgment it was prejudicial error to exclude his testimony.

Section **13444-10** GC., effective July 21, 1929, provides that:

"Testimony taken at an examination or a preliminary hearing, at which the defendant is present, or at a former trial of the cause, or taken by deposition at the instance of the defendant, or the state, may be used whenever the witness giving such testimony shall

have died, or could not for any reason be produced at the trial; or whenever the witness has, since giving such testimony, became incapacitated to testify. If such former testimony is contained within a bill of exceptions, or authenticated transcript of such testimony, it shall be proven by the bill of exceptions, or transcript, otherwise by other testimony."

For the error committed in excluding the testimony of the absent witness Figueroa, the judgment is reversed and the cause remanded for a new trial.

Williams and Richards, JJ, concur.